**KUTAK ROCK LLP**
Michael A. Condyles  (VSB No. 27807)
Kimberly A. Pierro  (VSB No. 71362)
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
(804) 644-1700
  *Counsel for Harry Shaia, Jr., Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE:  STANLEY DALE WILMOTH, | Case No. 07-30647-KRH |
| | Chapter 7 |
| Debtor. | |

## BRIEF IN SUPPORT OF TRUSTEE'S OBJECTION TO EXEMPTIONS

Harry Shaia, Jr. (the "Trustee"), Trustee for the Bankruptcy Estate of Stanley Dale Wilmoth (the "Debtor"), by counsel, filed an objection to certain exemptions claimed by the Debtor pursuant to Rule 4003 of the Federal Rules of Bankruptcy Procedure (the "Objection") and the Debtor responded to the Objection.  A hearing was held on December 17, 2008, and, after consideration of the arguments of counsel, the Court requested submission of briefs addressing particular issues raised at the hearing.  The Trustee hereby submits his brief in support of the Objection.

### BACKGROUND

On February 21, 2007 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court.  Prior to the Petition Date, the Debtor was injured in an automobile accident with a truck owned by the Town of Farmville in December 2005 (the "Cause of Action").  At the hearing, the Debtor testified that he was aware at the time he filed his bankruptcy petition that he had a claim for injuries sustained in the automobile accident.  However, though signed under oath and under penalty of perjury, neither Schedule B nor Schedule C filed by the Debtor included any reference to the Cause of Action.  The Debtor

4818-1204-0707.1

scheduled unsecured debts in the approximate amount of $93,000.00, with $80,992.00 of that total relating to medical expenses from the accident.

While the bankruptcy case was still open, and without the disclosure of the Cause of Action or his intent to file suit, the Debtor initiated a suit against George Brown and the Town of Farmville (the "Defendants") in the Circuit Court for the County of Prince Edward on May 31, 2007 (the "State Court Suit"), just three months after his bankruptcy filing. However, the Debtor lacked standing to bring the Cause of Action as the Cause of Action remains property of the estate pursuant to 11 U.S.C. § 541 and had not been abandoned by the Trustee at the time the Debtor filed the State Court Suit. Because the Trustee has not abandoned this property of the estate, the Trustee, not the Debtor, is the only party with standing to bring the suit.

The Debtor, in an effort to correct the omission after the fact, moved to re-open his bankruptcy case on August 7, 2008. The motion was granted prior to the reappointment of the Trustee and the Debtor thereafter filed amended schedules on October 2, 2008 to list the Cause of Action and claim an exemption under Virginia Code § 34-28.1 for the Cause of Action, again before the reappointment of the Trustee. The Trustee filed a timely objection to the exemption on the grounds that the Debtor has failed to show excusable neglect in his failure to disclose an asset as is required by the Federal Rules of Bankruptcy Procedure to amend the schedules after the case is closed; (ii) the Debtor is barred by the doctrine of laches to take advantage of an exemption over a year after the case has been closed; and (iii) the totality of the circumstances surrounding the failure to disclose reflect an intent to defraud the creditors and a pattern of behavior designed to deceive the Trustee and creditors.

**ARGUMENT**

I. **"Excusable neglect" is the appropriate standard to apply to amendment of exemptions after a case is closed.**

Rule 1009 provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." After the closing of a case, the debtor may only amend his schedules, statements or lists upon a showing of excusable neglect. *See* 9 Lawrence P. King, *Collier on Bankruptcy*, ¶ 1009.02[3], (15 ed. rev. 2006). Though Rule 1009 allows liberal amendment to the schedules, the permissive nature of this rule only applies prior to the closing of a case. Therefore, a different standard must apply if a case is closed and the Debtor subsequently seeks amendment to the schedules. To hold otherwise reads the language of "at any time fore the case is closed" out of the rule.

The standard that should apply to seeking an amendment of exemptions after the closing of a case is proof of excusable neglect. Under Rule 9006(b)(1), a debtor attempting to act after the expiration of time to act, such as amending an exemption after the case is closed, must show that the failure to act was a result of excusable neglect. *See, In re Medley*, 29 B.R. 84 (Bankr. M.D. Tenn. 1983). The *Medley* case involved a similar situation to the instant case where a debtor sought amendment of the exemptions after the case was closed. The Tennessee Bankruptcy Court looked to the standard for extension of time to act when deciding whether cause existed to allow amendment of schedules after the case had closed. Application of an excusable neglect standard would put the proper burden on the Debtor to show why the amendments were (i) necessary after the fact, and (ii) could not have been made prior to the closing of the case. Since this standard would apply to amendments sought after the closing of a

4818-1204-0707.1                              3

case, application of the excusable neglect standard would not conflict with the allowance of amendments as a matter of course prior to the closing of the case under Rule 1009.

To the extent that the Court does not find that the excusable neglect standard applies, guidance on elements to consider can be found in *In re Williams*, 337 B.R. 846 (Bankr. E.D. Va. 2005). This case involved a trustee's objection to an exemption of property purchased with personal injury proceeds and not disclosed on the schedules. While the court allowed the exemptions and found that the debtors disclosed the assets at the meeting of the creditors and therefore did not attempt to mislead the court, it postulated in dicta that "where the trustee demonstrates that a debtor's misstatements reflect an intent to defraud creditors or hinder the administration of his estate, the court is prone to disallow the exemption." *Id*. at 851. *See also In re Lundy*, 216 B.R. 609, 610 (Bankr. E.D. Mich. 1998) (denying the exemption of a personal injury action and finding that a Debtor acted in bad faith when he failed to list his personal injury action on his schedules where, prior to the bankruptcy petition, personal injury counsel was retained, the case had been filed after commencing the bankruptcy case, and depositions had been noticed).

It is the Debtor's intent that controls whether he was looking to deceive the Court, the Trustee, and the creditors, regardless of whether the Cause of Action was capable of being fully exempted. For instance, in Virginia, medical service providers may assert a lien on personal injury proceeds up to certain statutory limits. *See* Virginia Code § 8.01-66.2, *et seq*. The Debtor's failure to list the Cause of Action as an asset may have been to avoid alerting his creditors to this potential source of recovery. Whether or not the Cause of Action would have been exempt in the bankruptcy proceeding does not mean that the Debtor did not intend to conceal the asset.

## II. The "excusable neglect" standard for amendment of exemptions after a case is closed must show something more than mere oversight.

The Supreme Court has held that under 9006(b)(1), courts were "permitted, where appropriate, to accept late filing caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Ptrship.*, 507 U.S. 380, 388 (1993).  This is permissive, not mandatory allowance of an action which is within the discretion of the Bankruptcy Court to award.  The consideration required of the Court when evaluating whether excusable neglect exists is a balance the interests of the affected parties to make an equitable determination.  *Id*.  In finding whether the neglect is "excusable," the Court has instructed consideration of "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith."  *Id*. at 395.

The Debtor clearly does not meet this criteria.  The Debtor has not shown any prejudice to entitle him to amend his schedules when he knew of the Cause of Action at the time of filing the petition.  Further, at no time during the case did the Debtor take steps to amend his petition, even when he initiated the State Court Suit while his bankruptcy case remained open.  Only upon the motion to dismiss filed by the Defendants in the State Court Suit, and 14 months after his case was closed, did the Debtor seek amendment to the schedules.  No reason was given by the Debtor for the delay.  The Debtor merely stated in his motion to reopen the case that he "inadvertently" failed to schedule the Cause of Action.  This contradicts the testimony of the Debtor when he stated that he knew that he had the Cause of Action at the time of preparing his schedules yet did not disclose the asset.  This contradiction shows a lack of good faith on the part

of the Debtor. That the Debtor claims that he told his attorney of the Cause of Action does nothing to cure the neglect – he is bound by the actions of his representative and counsel for the Debtor has not provided any explanation for his failure to disclose the asset, despite his knowledge the Debtor had been involved in an automobile accidence and that 87% of all unsecured claims in the bankruptcy case related to medical expenses. *See id.* at 396.

The intent in the instant case is clear – the Debtor knew of his Cause of Action at the time of preparing the petition, he did not correct the omission when he filed his State Court Suit while the bankruptcy case was pending, and only attempted to amend his schedules when his omission was the subject of a motion to dismiss the State Court Suit. Whether the omission of a potentially exempt asset would actually defraud creditors is not the test – it is the intent of the Debtor to mislead creditors by willful omission of assets on the bankruptcy schedules.

> The [debtor's] omissions from the initial list suggest that [he] meant to hide assets if [he] could get away with it . . . The operation of the bankruptcy system depends on honest reporting. If debtors could omit assets at will, with the only penalty that they had to file an amended claim once caught, cheating would be altogether too attractive . . . . When it is hard to detect an effort to evade the law, the penalty must exceed the profits of the evasion. So, here, it is too late for the [debtor] to start over and ask the court to apportion the proceeds as if [he] had filed a complete schedule in the first instance.

*In re Lundy*, 216 B.R. at 611 (*citing Payne v. Wood*, 775 F.2d 202, 205 (7th Cir. 1985). The bankruptcy process demands full disclosure by the Debtor, and in this case, the Debtor knowingly and willfully concealed his Cause of Action.

**III.    No grounds exists to enter an order approving the exemption *nunc pro tunc*.**

The awarding of relief *nunc pro tunc* is an extraordinary remedy, available under the equitable powers of this Court, however the Debtor has not shown the existence of any grounds for this Court to award such relief in this instance. "The office of a *nunc pro tunc* ('now for

then') order is to clean up the records showing what was previously done with effect from the time done; it is not to alter substantive rights." *Transamerica Ins. Co. v. South*, 975 F.2d 321, 325 (7th Cir. 1992) (*quoting King v. Ionization Int'l, Inc.*, 825 F3d 1180, 1188 (7th Cir. 1987)). The purpose of entry of an order *nunc pro tunc* is to express that which has already occurred, not to automatically alter substantive rights to a date when the action *should* have been taken. Here, the Debtor is requesting that his willful omission be retroactively corrected to the Petition Date. This exceeds the scope of the purpose of *nunc pro tunc* relief, and would substantively alter the rights of creditors, who may have an opportunity to assert a statutory lien on the proceeds. *See* Virginia Code § 8.01-66.2, *et seq*.

Even if this Court considers *nunc pro tunc* relief available generally to relate an exemption back to the Petition Date, the Debtor cannot show that this Court has the equitable grounds to award *nunc pro tunc* relief in this instance. The Debtor admitted that he was aware of the Cause of Action at the time of his bankruptcy filing and omitted the asset on his schedules. He seeks to undo this deception and proceed as if it never happened, and only took action to amend his schedules upon the filing of a motion to dismiss his State Court Suit. The Debtor comes to the Court and seeks relation back of his exemption to the Petition Date, not out of respect for the process and in the interest of full disclosure, but out of necessity once caught in a deceptive act. The actions of the Debtor reflect an intent to deceive the Trustee and the creditors, and an appropriate sanction would be to disallow his claim to exemption to the Cause of Action under Virginia Code § 34-28.1.

**WHEREFORE**, the Trustee objects to the Debtor's claim of exemption in the Cause of Action, and asks this Court to strike the exemption of the Cause of Action under Virginia Code § 34-28.1 in its entirety.

**HARRY SHAIA , JR., TRUSTEE**

By: /s/ Kimberly A. Pierro_____
Counsel

**KUTAK ROCK LLP**
Michael A. Condyles  (VSB No. 27807)
Kimberly A. Pierro  (VSB No. 71362)
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
(804) 644-1700
  *Counsel for Harry Shaia, Jr., Trustee*

4818-1204-0707.1                                             8

## CERTIFICATE OF SERVICE

    I hereby certify under penalty of perjury that on this 7th day of January, 2009, a true copy of the foregoing was served via electronic means and/or first class mail on all necessary parties as follows:

| | |
|---|---|
| Richard O. Gates, Esq.<br>P.O. Box 187<br>Chesterfield, VA 23832<br>  *Counsel for the Debtor* | Robert B. Van Arsdale, Esquire<br>Office of the U.S. Trustee<br>701 East Broad Street<br>Richmond, Virginia 23219 |
| Stanley Dale Wilmoth<br>P.O. Box 29<br>Meherrin, VA 23954 | |

                By: /s/ Kimberly A. Pierro
                       Counsel